UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Michele E. Hoelbl and William T. Hoelbl, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>GEICO General Insurance Company, )<br>)<br>Defendant. )<br>) | 2:10-cv-2505 JWS<br><br>ORDER AND OPINION<br><br>(RE:  Motion at docket 9) |

Plaintiffs filed a declaratory judgment action in state court asking for a declaration that defendant's UIM insurance applied to an automobile accident.  No other claims were pled.  Defendant removed the case on the basis of diversity jurisdiction.  At docket 9 plaintiff moves to remand on the grounds that a "pure UIM insurance declaratory action" belongs in state court.  Plaintiff contends that the district court has broad discretion to decline to hear a declaratory judgment action which does not include any associated tort claims and should exercise its discretion to do so.  Defendant responds that it has met its burden of showing diversity jurisdiction exists, that federal courts have authority to issue declaratory judgments, and federal courts routinely hear cases in which insurance coverage is the subject of a declaratory judgment request.  Beyond the obvious fact that the case turns on state law, plaintiff

offers little to explain why the court should exercise its discretion not to hear the case, and defendant offers no reason why it should.

In *Government Employees Insurance Co. v. Dizol*,[1] the Court of Appeals for the Ninth Circuit held that where neither the court nor a party has raised the question of whether the district court should exercise its discretion to hear a declaratory judgment action not encumbered by additional state law claims, a district court may simply proceed to the merits. On the other hand, where as here, a party has raised the issue, the "court must record its reasoning for exercising jurisdiction in accordance with *Brillhart*" and other general considerations identified by the *Dizol* court.[2]

Justice Frankfurter's opinion in *Brillhart v. Excess Ins. Co. of America*,[3] did not "attempt a comprehensive enumeration"[4] of factors relevant to the exercise of the trial court's discretion in declaratory judgment cases, but it did point out that where an action is pending in state court raising the same state law issues between the same parties, federal interference "should be avoided."[5] The Supreme Court also indicated that the district court should determine whether the questions at issue can better be settled in the state court, a determination that might entail inquiry as to whether the matter can be fully resolved as to all necessary parties in state court.[6] In its own explanation of the

---

[1] 133 F.3d 1220 (9th Cir. 1998) (en banc).

[2] 133 F.3d at 1227.

[3] 316 U.S. 491 (1942).

[4] 316 U.S. at 495.

[5] *Id.*

[6] *Id.*

*Brillhart* factors, the Ninth Circuit described them as avoiding needless determination of state law issues, discouraging declaratory judgment actions as a means of forum shopping and avoiding duplicative litigation.[7]  Additional considerations identified in *Dizol* were "whether the declaratory action will settle all aspects of the controversy, whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue, whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage, or whether the use of a declaratory judgment will result in entanglement between the federal and state court systems.  In addition the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."[8]  Some of the additional factors identified in *Dizol* seem to relate more to whether a declaratory action is appropriate at all, rather than whether a declaratory action should proceed in federal court instead of state court.

With *Brillhart* and *Dizol* in mind, for purposes of deciding whether this particular declaratory judgment action should be remanded to state court, the following factors will be considered: (1) whether the state court could provide a full resolution of all the issues; (2) whether proceeding in federal court would result in an unnecessary federal determination of state law; (3) whether the case raises unresolved issues of state law better decided in a state trial court from which an appeal would go to a state appellate court; (4) whether retention of the action in federal court would encourage forum

---

[7] 133 F.3d at 1225.

[8] 133 F.3d 1225 n. 5 (quoting *American States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (J. Garth concurring)).

shopping; (5) whether one court is more convenient to the parties; and (6) whether removing the case from state court gives rise to comity concerns such that proceeding in federal court should be avoided.

The first factor does not justify proceeding in federal court, because a state court declaratory judgment would render relief essentially identical to a federal court declaratory judgment.  The second factor weighs against keeping the case in federal court, because the availability of the state court makes it unnecessary for a federal court to decide the state law issues presented.  The third factor does not apply, because there is no evidence that this case turns on some novel issue of state law yet to be addressed by the state courts.  The fourth factor weighs against keeping the case in federal court, because to do so would encourage other litigants to remove similar cases and thus result in forum shopping.  The fifth factor is neutral.  Both the state court and the federal court are located in Phoenix and are readily accessible to the parties. The sixth factor favors remand, because it is an imposition on state sovereignty when a federal court undertakes to resolve state law questions.  Taken together, the relevant factors weigh against exercising this court's discretion to decide this declaratory judgment action.

For the reasons above, the motion at docket 9 is **GRANTED**.  This case is hereby **REMANDED** to the Superior Court for the State of Arizona in Maricopa County. DATED this 29th day of December 2010.

                                                /S/
                                    JOHN W. SEDWICK
                            UNITED STATES DISTRICT JUDGE